**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

March 2, 2007

# NOTICE OF CORRECTION

**From:** Clerk's Office

**Case Style:** Rivers v. Arvinmeritor Sejong, LLC.

**Case Number:** 2:07cv00104-MHT

**This Notice of Correction was filed in the referenced case this date to correct the PDF document previously attached.**

**The correct PDF document is attached to this notice for your review. Reference is made to document # 4 filed on March 1, 2007.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL RIVERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARVINMERITOR SEJONG, LLC, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 2:07-cv-104-MHT |

## ANSWER

ArvinMeritor Sejong, LLC, ("ARM") the defendant, by and through counsel, and for its Answer and Affirmative Defenses to plaintiff's Complaint states as follows:

1. Paragraph 1 of the Complaint does not set forth allegations to which a response is required. To the extent that the Court construes Paragraph 1 of the Complaint to set forth allegations of fact to which a response is required, ARM denies those allegations and further denies that plaintiff is entitled to the relief, legal or equitable, under the statute or claim asserted therein.

2. ARM admits that this Court has jurisdiction over this matter as set out in Paragraph 2 of the Complaint.

3. ARM admits that Lowndes County, Alabama, is a county within the jurisdiction of the U. S. District Court for the Middle District of Alabama. ARM denies the remaining allegations as set out in Paragraph 3 of the Complaint. ARM further denies that it has engaged in any unlawful employment practices governed by any statute cited therein and further denies that plaintiff has stated any claim under the statute set out in Paragraph 1 upon which relief may be granted.

4. ARM admits that plaintiff is a person who has worked for ARM. ARM lacks sufficient information to either admit or deny the remaining allegations set out in Paragraph 4 of the Complaint and therefore denies those allegations.

5. ARM admits that it is a Delaware corporation licensed to do business in the State of Alabama. ARM further admits that it employs more than 50 employees within seventy-five miles of the Plaintiff's former work site.

6. The statements set out in Paragraph 6 of the Complaint, appear to set out the relief sought by plaintiff and are not amenable to admission or denial. However, to the extent that the Court construes Paragraph 6 of the Complaint to set forth allegations of fact to which a response is required,

ARM denies those allegations and further denies that plaintiff is entitled to any legal or equitable relief under the statute or claim asserted therein.

7. ARM denies the allegations set out in Paragraph 7 of the Complaint.

8. ARM denies the allegations set out in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint does not set forth allegations to which a response is required. To the extent that the Court construes Paragraph 9 of the Complaint to set forth allegations of fact to which a response is required, ARM denies those allegations and further denies that plaintiff is entitled to any legal or equitable relief under the statute or claim asserted therein.

10. Paragraph 10 of the Complaint does not set forth allegations to which a response is required. To the extent that the Court construes Paragraph 10 of the Complaint to set forth allegations of fact to which a response is required, ARM denies those allegations and further denies that plaintiff is entitled to any legal or equitable relief under the statute or claim asserted therein.

11. ARM admits that it employed plaintiff. ARM denies the remaining allegations set out in Paragraph 11 of the Complaint.

12. ARM admits that plaintiff requested and was absent from work for 12 weeks as provided for under the provisions of the FMLA.

13. ARM admits that plaintiff's employment was terminated. ARM denies the remaining allegations set out in Paragraph 13 of the Complaint.

14. ARM denies the allegations set out in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint does not set forth allegations to which a response is required. To the extent that the Court construes Paragraph 15 of the Complaint to set forth allegations of fact to which a response is required, ARM denies those allegations and further denies that plaintiff is entitled to any legal or equitable relief under the statute or claim asserted therein.

16. ARM denies the allegations set out in Paragraph 16 of the Complaint.

17. ARM denies the allegations set out in Paragraph 17 of the Complaint. Paragraph 17 contains six sub-parts (A-F) which are in the nature of a prayer for relief. ARM denies each and every allegation of violation of the statute set out herein and denies that plaintiff is entitled to any legal or equitable relief whatsoever.

18.  Paragraph 18 of the Complaint does not set forth allegations to which a response is required.  To the extent that the Court construes Paragraph 18 of the Complaint to set forth allegations of fact to which a response is required, ARM denies those allegations and further denies that plaintiff is entitled to any relief under the statute or claim asserted therein.

19.  ARM admits that Paragraph 19 of the Complaint paraphrases some portion of Section 105 of the Family and Medical Leave Act (29 U.S.C. § 2601 *et seq*.

20.  ARM denies the allegations set out in Paragraph 20 of the Complaint.

21.  ARM is unable to admit or deny the allegation, as worded, set out in Paragraph 21 of the Complaint and therefore denies same. Paragraph 21 also contains six sub-parts (A-F) which are in the nature of a prayer for relief.  ARM denies each and every allegation of any violation of the statute set out therein and denies that plaintiff is entitled to any legal or equitable relief whatsoever.

ARM denies each and every allegation contained in the numbered paragraphs and elsewhere in the Complaint, except to the extent specifically admitted herein.

In further answer to plaintiff's Complaint, ARM would show the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Plaintiff is barred from establishing a claim under the FMLA because he failed to comply with statutory notice and medical certification requirements.

### THIRD DEFENSE

Plaintiff did not have a serious health condition within the meaning of the FMLA.

### FOURTH DEFENSE

Plaintiff was provided with all of the leave to which he was entitled under the FMLA.

### FIFTH DEFENSE

Plaintiff failed to present himself to work after twelve (12) weeks of leave.

## SIXTH DEFENSE

Plaintiff has failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

## SEVENTH DEFENSE

Plaintiff's claim in this action is not supported by a *prima facie* case.

## EIGHTH DEFENSE

Defendant's employment decisions with respect to plaintiff were based on legitimate, nondiscriminatory reasons.

## NINTH DEFENSE

Plaintiff's employment with defendant was "at will" and, as such, his employment could be terminated for any reason.

## TENTH DEFENSE

Plaintiff's claim is barred by the doctrines of waiver and/or equitable estoppel.

## ELEVENTH DEFENSE

Plaintiff has failed to properly mitigate his alleged damages.

## TWELFTH DEFENSE

No action or omission of defendant was the proximate cause of any alleged damages to plaintiff.

## THIRTEENTH DEFENSE

An award of liquidated damages is not proper in this case because plaintiff cannot show that defendant intended to cause injury to plaintiff or otherwise acted with reckless or wanton disregard for plaintiff's rights.

## FOURTEENTH DEFENSE

An award of liquidated damages is not proper in this case because defendant, at all relevant times, acted in good faith to comply with the FMLA and maintained policies prohibiting the conduct alleged in the Complaint.

## FIFTEENTH DEFENSE

An award of punitive damages and/or emotional distress damages is not available under the FMLA, and is further improper because defendant's conduct with respect to plaintiff was at all times in good faith and was not willful, intentional, reckless, or discriminatory.

## SIXTEENTH DEFENSE

Plaintiff's claim is barred by the doctrine of unclean hands.

## SEVENTEENTH DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

### EIGHTEENTH DEFENSE

Defendant reserves the right, upon completion of discovery, to plead that venue is improper.

### NINETEENTH DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

### TWENTIETH DEFENSE

Plaintiff cannot prove he opposed any practice made unlawful by 29 U.S.C. § 2601, *et seq.*

### TWENTY-FIRST DEFENSE

There is no causal connection between any protected conduct engaged in by the Plaintiff, and his termination, and there is no evidence of animus by the Defendant against the Plaintiff for the exercise of any right protected by 29 U.S.C. § U.S.C. 2601, *et seq.*

### TWENTY-SECOND DEFENSE

Defendant reserves the right to amend this Answer pending discovery.

WHEREFORE, defendant demands judgment in its favor and against plaintiff, dismissing the Complaint with prejudice, together with costs, attorneys' fees and such other relief as the Court may deem appropriate.

        s/ Veronica L. Merritt
Beverly P. Baker (ASB-3493-E58B)
Veronica L. Merritt (ASB-7830-N75M)
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, AL  35203-2118
Ph:  205-328-1900
Fax: 205-328-6000
E-mail:  beverly.baker@odnss.com
E-mail:  veronica.merritt@odnss.com

Attorneys for Defendant,
  ArvinMeritor Sejong, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Andy Nelms, Esq.
Jay Lewis, Esq.
Law Offices of Jay Lewis
P. O. Box 5059
Montgomery, Alabama  36103
(334) 263-7733
(334) 832-4390
j-lewis@jawlewislaw.com


        s/ Veronica L. Merritt

4677202.1